[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12332
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00019-WLS-RLH-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDDIE JAMES REED,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 6, 2013)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Eddie Reed appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce sentence based on Amendment 750 to the Sentencing Guidelines. After a thorough review, we affirm.

Reed was convicted in 2008 of two counts of crack-cocaine distribution, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii).  At sentencing, the parties stipulated that Reed was responsible for 74.7 total grams of crack cocaine.  This triggered a base-offense level of 30.  Because he was classified as a career offender, however, under U.S.S.G. § 4B1.1(b) Reed's adjusted offense level was 37 and his criminal-history category was VI.  After adjustments under U.S.S.G. § 3E1.1(a) and (b), Reed's total offense level was 34, and his resulting guidelines range was 262 to 327 months' imprisonment.  At sentencing, after considering the factors set forth in 18 U.S.C. § 3553(a), the district court imposed a term of imprisonment of 262 months.

In February 2012, Reed filed a § 3582(c)(2) motion based on Amendment 750.[1]  The district court denied Reed's motion, and this is his appeal.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir.), *cert. denied*, 133 S. Ct. 568 (2012).  We have previously held

---

[1]   Although Reed initially filed his § 3582(c)(2) motion *pro* se, he was appointed counsel, who supplemented the motion with additional briefing.  Reed has also previously filed a § 3582(c)(2) motion based on Amendment 706, which the district court denied and declined to reconsider. The appeal now before us does not concern his arguments related to that amendment.

2

defendants sentenced as career offenders under § 4B1.1, like Reed, are not entitled to a reduction under Amendment 750. *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008). Reed contends he is entitled to a reduction, even as a career offender, because *Freeman v. United States*, 131 S. Ct. 2685 (2011) (plurality opinion), undermines the holding of *Moore*. We have, however, previously rejected this contention. *Lawson*, 686 F.3d at 1319-21. And we are bound by that ruling, and, thus, by *Moore*, unless and until it is overruled by the Supreme Court or this court sitting *en banc*. *Id.* at 1319. For this reason, we must also reject Reed's contention that he is entitled to a reduction in his sentence under the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372. In *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012), we held that a defendant was not entitled to a reduction in his sentence under the FSA when he was sentenced before the FSA's effective date, August 3, 2010. We are bound by that decision and must apply it to bar Reed's claim because he was sentenced before that date. For these reasons, the district court was correct to deny Reed's § 3582(c)(2) motion.

**AFFIRMED.**